IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CASTLEMORTON WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-060 (RGA) |
| | ) | |
| COX COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COX COMMUNICATIONS, INC.'S ANSWER

Defendant Cox Communications, Inc. ("Cox") denies each and every allegation averred in Plaintiff Castlemorton Wireless, LLC's ("Castlemorton") Complaint that is not expressly admitted below, and responds to the Complaint as follows:

## INTRODUCTION

1. Cox denies the allegation that "[t]his case arises from Cox's infringement of the '421 Patent," and specifically denies that it has committed any acts of infringement. Cox admits that on its face, the '421 Patent purports to claim priority to United Kingdom Patent App. No. 8300076, dated January 4, 1983. Except as expressly admitted, Cox denies any remaining allegations of paragraph 1.

2. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies them.

3. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies them.

4. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies them.

5. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies them.

6. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore denies them.

7. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies them.

8. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies them.

## THE PARTIES

### CASTLEMORTON WIRELESS, LLC

9. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies them.

10. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

### COX DEFENDANT

11. Cox admits that Cox Communications, Inc. is a Delaware corporation with its principal place of business at 6205-B Peachtree Dunwoody Road, Atlanta, Georgia 30328.  Cox admits that Cox Communications Inc. has a registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.  Except as expressly admitted, Cox denies any remaining allegations of paragraph 11.

## JURISDICTION AND VENUE

12. Cox admits the Complaint purports to bring an action under the patent laws of the United States, Title 35 of the United States Code, but denies that Castlemorton is entitled to any relief.  Cox admits that this Court has jurisdiction over action brought under Title 35 of the

United States Code. Except as expressly admitted, Cox denies any remaining allegations of paragraph 12.

13. Cox does not contest that the Court has jurisdiction over Cox for purposes of this action only. Cox denies that it has committed or induced any acts of infringement of the '421 Patent in the United States, the State of Delaware, or in this federal judicial district. Except as expressly admitted, Cox denies any remaining allegations of paragraph 13.

14. Cox does not contest that venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), but denies that this is the most convenient forum under § 1404(a). Cox admits that it has transacted business in the State of Delaware, but denies that Cox has committed infringing acts in this district or elsewhere in the United States. Except as expressly admitted, Cox denies any remaining allegations of paragraph 14.

## THE '421 PATENT

15. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them.

16. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies them.

17. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies them.

18. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies them.

19. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20. To the extent the allegations of paragraph 20 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies them.

21. To the extent the allegations of paragraph 21 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

22. To the extent the allegations of paragraph 22 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them.

23. To the extent the allegations of paragraph 23 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.

24. To the extent the allegations of paragraph 24 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies them.

25. To the extent the allegations of paragraph 25 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies them.

26. To the extent the allegations of paragraph 26 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies them.

27. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

28. To the extent the allegations of paragraph 28 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies them.

29. To the extent the allegations of paragraph 29 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies them.

30. To the extent the allegations of paragraph 30 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies them.

31. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies them.

32. To the extent the allegations of paragraph 32 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies them.

33. To the extent the allegations of paragraph 33 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

34. To the extent the allegations of paragraph 34 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies them.

35. To the extent the allegations of paragraph 35 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies them.

36. Cox admits that what purports to be a copy of U.S. Patent No. 7,835,421 ("the '421 Patent") was attached to the Complaint as Exhibit A. Cox admits that, on its face, the '421 Patent bears the title "Electric Detector Circuit" and a filing date of January 22, 1990. Cox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36 and therefore denies them.

37. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies them.

38. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies them.

39. To the extent the allegations of paragraph 39 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies them.

40. Cox admits that frequency-hopping spread spectrum and direct-sequence spread spectrum are methods used for transmitting electromagnetic signals. Cox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 and therefore denies them.

41. To the extent the allegations of paragraph 41 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies them.

42. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies them.

43. To the extent the allegations of paragraph 43 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore denies them.

44. To the extent the allegations of paragraph 44 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies them.

45. To the extent the allegations of paragraph 45 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore denies them.

46. To the extent the allegations of paragraph 46 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies them.

47. To the extent the allegations of paragraph 47 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies them.

48. To the extent the allegations of paragraph 48 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore denies them.

49. To the extent the allegations of paragraph 49 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore denies them.

50. To the extent the allegations of paragraph 50 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore denies them.

51. To the extent the allegations of paragraph 51 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and therefore denies them.

52. To the extent the allegations of paragraph 52 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore denies them.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,835,421

53. Cox repeats its responses to Paragraphs 1-52 above, as if fully set forth herein.

54. Denied.

55. Denied.

56. To the extent the allegations of paragraph 56 purport to characterize the contents of a written document, that document speaks for itself. Cox denies any remaining allegations of paragraph 56.

57. To the extent the allegations of paragraph 57 purport to characterize the contents of a written document, that document speaks for itself. Cox denies any remaining allegations of paragraph 57.

58. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies them.

59. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore denies them.

60. Denied.

61. Denied.

62. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and therefore denies them.

63. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and therefore denies them.

64. To the extent the allegations of paragraph 64 purport to characterize the contents of a written document, that document speaks for itself.  Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and therefore denies them.

65. To the extent the allegations of paragraph 65 purport to characterize the contents of a written document, that document speaks for itself.  Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 and therefore denies them.

66. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore denies them.

67. To the extent the allegations of paragraph 67 purport to characterize the contents of a written document, that document speaks for itself.  Cox is without knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore denies them.

68. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and therefore denies them.

69. To the extent the allegations of paragraph 69 purport to characterize the contents of a written document, that document speaks for itself.  Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore denies them.

70. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies them.

71. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and therefore denies them.

72. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies them.

73. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and therefore denies them.

74. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and therefore denies them.

75. To the extent the allegations of paragraph 75 purport to characterize the contents of a written document, that document speaks for itself.  Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and therefore denies them.

76. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 and therefore denies them.

77. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies them.

78. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 and therefore denies them.

79. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 and therefore denies them.

80. To the extent the allegations of paragraph 80 purport to characterize the contents of a written document, that document speaks for itself. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and therefore denies them.

81. Cox admits that the products list in paragraph 55 of the Complaint are or were available to businesses and individuals in parts of the United States.

82. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 and therefore denies them.

83. Denied.

84. Denied.

85. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 and therefore denies them.

86. Denied.

87. Denied.

88. Denied.

## ANSWER TO THE PRAYER FOR RELIEF

Cox denies that Castlemorton is entitled to any of the requested relief and denies any allegations in its Prayer for Relief.

## ANSWER TO THE DEMAND FOR JURY TRIAL

No response is required to Castlemorton's demand for a trial by jury on all issues so triable.

## DEFENSES

Subject to the responses above, Cox alleges and asserts the following defenses in response to the allegations. Cox specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE

### (Non-Infringement)

89. Cox does not, alone or in combination, directly or indirectly, infringe any valid and enforceable claim of the '421 Patent, either literally or under the doctrine of equivalents.

## SECOND DEFENSE

### (Invalidity)

90. The claims of the '421 Patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## THIRD DEFENSE

### (Prosecution History Estoppel)

91. Castlemorton is estopped, based on statements, representations, and admissions made during prosecution of the applications that led to the '421 Patent, from asserting any

13

interpretation of the claims of those patents that would be broad enough to cover any product or service alleged to infringe those patents, either literally or under the doctrine of equivalents.

## FOURTH DEFENSE

### (Equitable Defenses)

92. Castlemorton's claims are barred, either in whole or in part, by the doctrine of waiver, estoppel, prosecution laches, and/or unclean hands.

## FIFTH DEFENSE

### (Patent Misuse)

93. Castlemorton's claims are barred, in whole or in part, by the defense of patent misuse.

## SIXTH DEFENSE

### (Statutory Limitations on Damages)

94. Any claim by Castlemorton for damages is limited by 35 U.S.C. §§ 252, 286, 287, and/or 307. Castlemorton is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

## SEVENTH DEFENSE

### (No Willful Infringement)

95. Castlemorton is not entitled to enhanced damages under 35 U.S.C. § 284 because Castlemorton has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

## EIGHTH DEFENSE

### (Failure to State a Claim)

96. Castlemorton's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## NINTH DEFENSE

### (Improper Venue)

97. Venue is improper pursuant to 28 U.S.C. §§ 1391 and 1400(b), as Cox does not reside in this venue, has not committed acts of infringement, and does not have a regular and established place of business or a physical place in this venue. Cox further denies that this venue is convenient or in the interest of justice under 28 U.S.C. § 1404(a).

## TENTH DEFENSE

### (No Exceptional Case)

98. Castlemorton cannot prove that this is an exceptional case justifying an award of attorney's fees against Cox pursuant to 35 U.S.C. § 285.

## ELEVENTH DEFENSE

### (Statutory Limitation)

99. To the extent certain equipment accused of infringing the '421 Patent are used by and/or manufactured for the United States Government, Castlemorton's claims involving Cox with respect to such equipment may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

## TWELFTH DEFENSE

### (Patent Exhaustion/Implied License)

100. Castlemorton's claims of patent infringement are barred by the doctrines of patent exhaustion and/or implied license.

## THIRTEENTH DEFENSE

### (Acts of Others)

101. The claims made in the Complaint are barred, in whole or in part, because Cox is not liable for the acts of others over whom it has no control.

## FOURTEENTH DEFENSE

### (No Causation)

102. Castlemorton's claims against Cox are barred because Castlemorton's damages, if any, were not caused by Cox.

## FIFTEENTH DEFENSE

### (Reservation of Defenses)

103. Cox reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future, including (but not limited to) those related to the unenforceability of any claim of the '421 Patent based on inequitable conduct, based on discovery and further factual investigation in this action. Assertion of a defense is not a concession that Cox has the burden of proving the matter asserted.

## **PRAYER FOR RELIEF**

WHEREFORE, Cox prays that the Court enter judgment in its favor and against Castlemorton as follows:

A. Dismissing, with prejudice, Castlemorton's claims against Cox;

B. Denying all relief that Castlemorton seeks in its Complaint;

C. Declaring that Cox has not infringed and does not infringe, either directly or indirectly, any claim of the '421 Patent;

D. Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Cox its costs and attorneys' fees; and

E. Awarding any other relief the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@mnat.com
*Attorneys for Defendant
Cox Communications, Inc.*

OF COUNSEL:

A. Shane Nichols
Monique D. Mead
Marcos Alvarez
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000

March 20, 2020

17

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 20, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Stephen B. Brauerman<br>BAYARD, P.A.<br>600 N. King Street, Suite 400<br>Wilmington, DE 19801<br>  *Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jennifer Ying*

Jennifer Ying (#5550)